IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Kramer, et al. v. Ethicon, Inc., et al.*                Civil Action 2:13-cv-12989

**MEMORANDUM OPINION AND ORDER**
(*Defendants' Motion to Dismiss, Plaintiffs' Request for Oral Argument, Plaintiffs' Motion for Leave to File Sur-Reply*)

Pending before the court is the defendants' Ethicon, Inc. and Johnson & Johnson's (collectively, the "defendants") motion to dismiss [Docket 4] filed on June 4, 2015.[1] On June 18, 2015, the plaintiffs filed a response [Docket 10] and a request for oral argument [Docket 11]. On June 25, 2015, the defendants filed a reply [Docket 12] and an amended reply [Docket 13]. Finally, on June 29, 2015, the plaintiffs filed a motion for leave to file a sur-reply [Docket 14] and attached their proposed sur-reply [Docket 14-1] as an exhibit.

Because I find that further argument is not needed on this matter, I **DENY** the plaintiffs' request for oral argument [Docket 11]. I **GRANT** the plaintiffs' motion for leave to file a sur-reply [Docket 14] and **ORDER** the attached sur-reply [Docket 14-1] filed. I will consider their attached sur-reply in this opinion. For the reasons stated below, the defendants' motion to dismiss [Docket 4] is **GRANTED**.

---

[1] Ethicon, LLC is also a defendant in this case. In their motion, the defendants contend that Ethicon, LLC "by Pretrial Order # 117 was dismissed from the MDL pursuant to the agreement of the parties." (Defs.' Mot. to Dismiss [Docket 4], at 2 n.1). In Pretrial Order # 117, the court stated that "Ethicon, LLC will be removed from the Short Form and Amended Short Form Complaints in all MDLs. At a later time, the court will initiate a show cause process regarding Ethicon, LLC in existing cases." (Pretrial Order # 117, *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_117.pdf). Until a show cause process commences, I will only consider this motion with respect to Ethicon, Inc. and Johnson & Johnson.

## I. Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are nearly 70,000 cases currently pending, approximately 25,000 of which are in the Ethicon, Inc. MDL, MDL 2327. Managing the MDLs requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities. For instance, the Federal Rules of Civil Procedure require a plaintiff to serve the defendant a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). However, in this MDL, the defendants agreed to waive formal service of process as long as the plaintiff sends by email or certified mail "the short form complaint and, if in their possession, a sticker page or other medical record identifying the product(s) at issue in the case." (*See* Pretrial Order # 20, *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_20.pdf). Thus, the plaintiffs were excused from formally serving process on the defendants here, if they completed this simple procedure. Nevertheless, the plaintiffs in this case failed to effectuate service by either method within the time allotted under Federal Rule of Civil Procedure 4(m).

## II. Analysis

The defendants move to dismiss this case for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Rule 4(m), which governs the sufficiency of service of process, provides:

> If a defendant is not served within 120 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, it is undisputed that the plaintiffs: (1) filed their complaint with the court on June 1, 2013, Complaint [Docket 1]; (2) were required to either serve the defendants or comply with Pretrial Order # 20 by September 29, 2013, *see id.*; and (3) did not effectuate service by either method until June 11, 2015, or over two years after filing suit, (*see* Pls.' Resp. Mem. in Opp'n to Defs.' Mot. to Dismiss & Request for Oral Argument [Docket 10], at 2).[2] The 120-day rule, however, is not without exception. Critically, when a plaintiff shows good cause for the failure to serve within 120 days, the court "*must* extend the time for service[.]" Fed. R. Civ. P. 4(m) (emphasis added); *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Tucker v. Thomas*, 853 F. Supp. 2d 576, 583 (N.D. W. Va. 2012); *Lavender v. City of Roanoke Sheriff's Office*, 826 F. Supp. 2d 928, 933 (W.D. Va. 2011).

Whether this court is permitted to extend the time for service when a plaintiff cannot show good cause is not entirely clear. The United States Court of Appeals for the Fourth Circuit has interpreted the rule to *require* that plaintiffs show good cause before a district court may extend the time for service of process. *See Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995) ("Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause."). In *Mendez*, the Fourth Circuit examined Rule 4, which had recently been amended. Although the court claimed that the previous and current versions of the rule were substantially the same, the new Rule 4(m) was a marked change over the old version—then labeled as Rule 4(j). *See id.* Indeed, Rule 4(j) provided, in relevant part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made

---

[2] In their motion, the defendants state that, "[b]y certified mail dated June 6, 2013, Plaintiff sent defendant Ethicon, LLC a Waiver of Service of Summons and a copy of the Short Form Complaint. Ethicon, LLC—which by Pretrial Order # 117 was dismissed from the MDL pursuant to the agreement of the parties—entered a notice of appearance on July 11, 2013." (Defs.' Mot. to Dismiss [Docket 4], at 2). This action does not excuse the plaintiffs' failure to serve Ethicon, Inc. and Johnson & Johnson.

3

> within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed. R. Civ. P. 4(j) (1983). Thus, under the old rule, it is undisputed that good cause was required before a court could extend the time for service of process. *See Morgan v. Sebelius*, Civil Action 3:09-1059, 2010 WL 1404100, at *2 (S.D. W. Va. Mar. 31, 2010) ("It is clear that from 1983 until 1993, the applicable rule did not allow courts to extend the time for service if the plaintiff could not show good cause.").

But now, the text of Rule 4(m) provides that a district court may "order that service be made within a specified time," regardless of whether a plaintiff shows good cause. Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(m), advisory committee's notes, 1993 amendment ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."). The Supreme Court of the United States, in dicta, has even suggested that the 1993 amendments to the Federal Rules gave courts the "discretion to enlarge the 120-day period even if there is no good cause shown." *Henderson v. United States*, 517 U.S. 654, 662 (1996). Moreover, lower courts within the Fourth Circuit—and even the Fourth Circuit itself in an unpublished opinion—have cast doubt on the continued validity of the holding in *Mendez*. *See Giacomo-Tano v. Levine*, 199 F.3d 1327 (4th Cir. 1999) (unpublished table decision) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); *see also, e.g.*, *Morgan*, 2010 WL 1404100, at *2 ("[The district court] has the discretion to extend the 120-day window for service even if a plaintiff fails to show good cause for the delay."); *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786–87 (D. Md. 2005). Finally, other circuits have held that the current Rule 4(m) does not require a showing of good cause before

4

a court may extend the time for service. *See, e.g.*, *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Nonetheless, I find that a time extension is not warranted in the instant case. The plaintiffs have not shown good cause, and, even assuming that an extension is permissible under Rule 4(m) for reasons other than good cause, the circumstances here favor dismissal. Indeed, in an MDL encompassing thousands of individual cases, I must strictly apply rules to ensure that all parties comply with deadlines and that the litigation flows smoothly and efficiently. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). This is especially the case where, as here, I have agreed to relieve the plaintiffs from formally serving process as long as they email their complaint to the defendants. Ultimately, there is no excuse for failing to email a complaint within 120 days.

### III. Conclusion

The defendants' motion to dismiss [Docket 4] is **GRANTED** with respect to Ethicon, Inc. and Johnson & Johnson. As I note above, the plaintiffs' request for oral argument [Docket 11] is **DENIED**. The plaintiffs' motion for leave to file sur-reply [Docket 14] is **GRANTED**, and I **ORDER** the attached sur-reply [Docket 14-1] filed, as I considered the sur-reply in this opinion. The court **DIRECTS** the clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   July 23, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5